**Harvinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–76622, 05–71746.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

Hardeep Singh Rai, Tsz–Hai Huang, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq., Ann Carroll Varnon, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Harvinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") opinion which adopted and affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the BIA's determination that Kaur is statutorily ineligible for asylum based on the one-year time bar. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005). We dismiss the petitions with respect to the asylum claim.

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence the decision to deny withholding of removal, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), and relief under CAT, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003). We deny these claims.

Even assuming Kaur testified credibly, substantial evidence supports the IJ's finding that the harm Kaur suffered during her police detention did not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Sub-

---

stantial evidence also supports the IJ's denial of withholding of removal because Kaur did not establish that it is more likely than not that she will be persecuted if returned to India. *See Hakeem,* 273 F.3d at 816–817 (a claim of persecution upon return to a country is weakened, even undercut, when similarly-situated family members continue to live in the country without incident); *see also Ramadan,* 427 F.3d at 1222–23 (to establish eligibility for withholding of removal, the evidence must compel the conclusion that it is more likely than not that the petitioner will suffer persecution).

Substantial evidence also supports the IJ's denial of CAT relief because Kaur did not establish that it is more likely than not that she will be tortured in India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

**PETITIONS FOR REVIEW DISMISSED in part, and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.